UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY KINTA JENKINS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-783-PPS-APR |
| DORELL BASS, et al., | |
| Defendants. | |

OPINION AND ORDER

Rodney Kinta Jenkins, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jenkins alleges that an inmate set a fire in a cell below his cell on December 18, 2021. His cell filled with smoke and he yelled for help, but neither Sgt. Dorell Bass nor Officer Lanre Idowu came to his assistance. About an hour later, a window was opened. And about thirty minutes after that, Officer Idowu walked the range to check on the well-being of inmates. Jenkins told Officer Idowu that his chest hurt, his eyes were burning, and he needed medical attention. An hour later he had not yet received

medical attention, so he began yelling for help. Sgt. Buss assured Jenkins a nurse would come see him, but he still received no medical care. He completed a request for health care form and saw a nurse approximately three weeks after the fire. Jenkins is suing Sgt. Bass and Officer Idowu for deliberate indifference to his safety for not evacuating him from his cell and not ensuring he received medical attention.

Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights." *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478 (quotation marks and citation omitted). Here, remaining in a smoke-filled cell could present a substantial risk of harm to Jenkins' health. Giving Jenkins the inferences he is

2

entitled to at this stage of the case, I find that he has stated a claim against Sgt. Bass and Officer Idowu for leaving him in the cell even though they were aware of the potential hazard.

Similarly, the Eight Amendment entitles inmates to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials may not be deliberately indifferent to a prisoner's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). I find that Jenkins has plausibly alleged that Sgt. Bass and Officer Idowu were deliberately indifferent to a serious medical need that resulted from smoke inhalation.

For these reasons, the court:

(1) GRANTS Rodney Kinta Jenkins leave to proceed against Sgt. Dorell Bass and Officer Lanre Idowu in their individual capacities for compensatory and punitive damages for failing to protect him from the dangers of a smoke-filled cell on December 18, 2021, in violation of the Eighth Amendment;

(2) GRANTS Rodney Kinta Jenkins leave to proceed against Sgt. Dorell Bass and Officer Lanre Idowu in their individual capacities for compensatory and punitive damages for failing to provide Jenkins medical aid following severe smoke inhalation on December 18, 2021, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Dorell Bass and Officer Lanre Idowu at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Dorell Bass and Officer Lanre Idowu to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: September 18, 2023.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT