UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY KINTA JENKINS,

    Plaintiff,

    v.                                     CAUSE NO. 3:23-CV-783-APR

DORELL BASS, et al.,

    Defendants.

## OPINION AND ORDER

Rodney Kinta Jenkins, a prisoner without a lawyer, filed a motion for leave to amend his complaint, together with a proposed amended complaint. [DE 21]. At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." **Fed. R. Civ. P. 15(a)(2)**. "Leave to amend is to be 'freely given when justice so requires.'" ***Liu v. T&H Machine***, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." ***Hukic v. Aurora Loan Servs.***, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. Here, the motion will be granted and the proposed amended complaint will be screened.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under **28 U.S.C. § 1915A**, the court must review the merits of a prisoner complaint

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jenkins' amended complaint alleges essentially the same facts as his earlier complaint, except that he now alleges that an inmate set a fire in a cell below his on December 17, 2021 (instead of December 18, 2021). According to Jenkins, he yelled for help after his cell filled with smoke. Jenkins' alleges that neither Sgt. Dorell Bass nor Officer Lanre Idowu came to his assistance. About an hour later, someone opened a window and about thirty minutes after that, Officer Idowu walked the range to check on the well-being of inmates. Jenkins claims that he told Officer Idowu that he needed medical attention. After about an hour of not receiving medical attention Jenkins started yelling for help. At that time, Sgt. Buss assured Jenkins a nurse would come see him, but a nurse never responded to treat him. Jenkins subsequently completed a request for health care form and saw a nurse approximately three weeks after the fire. Jenkins is suing Sgt. Bass and Officer Idowu for deliberate indifference to his safety for not evacuating him from his cell and not ensuring he received medical attention.

Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights." **Smith v. Peters**, 631 F.3d 418, 421 (7th Cir. 2011). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. **Farmer v. Brennan**, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. *Id.*; **Board v. Farnham**, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support

an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478. Here, remaining in a smoke-filled cell could present a substantial risk of harm to Jenkins' health. Giving Jenkins the inferences he is entitled to at this stage of the case, the court finds that he has stated a claim against Sgt. Bass and Officer Idowu for leaving him in the cell even though they were aware of the potential hazard.

Similarly, the Eight Amendment entitles inmates to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials may not be deliberately indifferent to a prisoner's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Jenkins has plausibly alleged that Sgt. Bass and Officer Idowu were deliberately indifferent to a serious medical need that resulted from smoke inhalation.

Jenkins also names four additional defendants in his amended complaint: Officer Lateef Gbajumo; Officer Jacob Hill; Officer Zoey King; and Captain Carl Tibbles. The events giving rise to this complaint occurred on December 17, 2021. Jenkins signed his proposed amended complaint on February 29, 2024. Notably, Jenkins' claims are subject to a two-year statute of limitations. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Because more than two years passed before Jenkins named these defendants,

he can only proceed against them if the allegations against them would relate back to the original complaint.

**Rule 15(c)(1)(C)** "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Jenkins has not alleged that such a mistake occurred here. Because Jenkins did not assert his claims against Officer Lateef Gbajumo; Officer Jacob Hill; Officer Zoey King; and Captain Carl Tibbles in a timely manner and because the relation-back doctrine does not apply to these claims, he will not be permitted to proceed against them.

For these reasons, the court:

(1) **GRANTS** Rodney Kinta Jenkins' motion for leave to amend his complaint [DE 21];

(2) **DIRECTS** the clerk to docket the proposed amended complaint [DE 21-1];

(3) **GRANTS** Rodney Kinta Jenkins leave to proceed against Sgt. Dorell Bass and Officer Lanre Idowu in their individual capacities for compensatory and punitive damages for failing to protect him from the dangers of a smoke-filled cell on December 17, 2021, in violation of the Eighth Amendment;

(4) **GRANTS** Rodney Kinta Jenkins leave to proceed against Sgt. Dorell Bass and Officer Lanre Idowu in their individual capacities for compensatory and punitive damages for failing to provide Jenkins medical aid following severe smoke inhalation on December 17, 2021, in violation of the Eighth Amendment;

(5) **DISMISSES** Officer Lateef Gbajumo; Officer Jacob Hill; Officer Zoey King; and Captain Carl Tibbles;

(6) **DISMISSES** all other claims; and

(7) **ORDERS**, under **42 U.S.C. § 1997e(g)(2)**, Sgt. Dorell Bass and Officer Lanre Idowu to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 8, 2024.

s/ Andrew P. Rodovich  
MAGISTRATE JUDGE  
UNITED STATES DISTRICT COURT
