UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY KINTA JENKINS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-783-APR |
| DORELL BASS, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the court on the Motion to Reconsider [DE 108] filed by the plaintiff, Rodney Kinta Jenkins, on August 7, 2025. Jenkins, a prisoner without a lawyer, moves the court for reconsideration from its Order granting summary judgment in favor of the defendants. [*See* DE 103]. Jenkins was proceeding in this lawsuit against the defendants for (1) failing to protect him from the dangers of a smoke-filled cell on December 17, 2021, after an inmate named Griffith started a fire in a cell in Jenkins's cellhouse, and (2) failing to provide him medical treatment for smoke inhalation following the December 17 fire. The court granted summary judgment in favor of the defendants on both claims. Regarding the failure-to-protect claim, the court granted summary judgment in favor of the defendants because it concluded "no reasonable jury could conclude the defendants were deliberately indifferent to Jenkins's welfare, as the undisputed facts show they took reasonable steps to ensure his safety once the fire started." [DE 103 at 6]. Specifically, the court found it was undisputed the defendants took reasonable steps to respond to the fire by: (1) immediately calling a Signal 10-71;

(2) putting out the fire with fire extinguishers; (3) calling a Signal 3000 emergency; (4) opening Griffith's cell and removing him from the cell; (5) instructing inmate firefighters to use exhaust fans to disperse the smoke in the cellhouse; and (6) performing cell-by-cell wellness checks of each inmate on the range, including Jenkins.

In his Motion to Reconsider, Jenkins argues he provided evidence the defendants did not respond reasonably to the fire because he provided an affidavit from an inmate named Christopher Pavey, who attested that "it appeared [the defendants] had no idea what to do" once the fire started, it took them approximately three minutes to return to Griffith's cell with fire extinguishers once the fire began, and they initially used the "wrong" fire extinguishers. [DE 108 at 1-2; DE 39 at 33-34]. However, accepting as true that it took the defendants three minutes to return to Griffith's cell with fire extinguishers and they initially used the wrong fire extinguishers, this does not show the defendants acted with "a total unconcern" for Jenkins's welfare. As discussed in the court's order granting summary judgment, it is undisputed the defendants responded to the fire by "immediately" calling a Signal 10-71, putting out the fire with fire extinguishers, calling a Signal 3000 emergency, opening Griffith's cell and removing him from the cell, instructing inmate firefighters to use exhaust fans to disperse the smoke, and performing cell-by-cell wellness checks of each inmate on the range. Pavey's assertion that it took the defendants three minutes to return to Griffith's cell with fire extinguishers and they originally used the "wrong" fire extinguishers at most shows negligence by the defendants, which is insufficient to show an Eighth Amendment violation. *See Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022)

(deliberate indifference "poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'"); *Bagola v. Kindt*, 131 F.3d 632, 647-48 (7th Cir. 1997) (a prison official that takes "reasonable steps" to prevent harm to a prisoner is not liable for subsequent injuries, even if the official acted negligently or did not act as quickly as possible to abate all risks). Because the undisputed evidence shows the defendants took reasonable steps to respond to the fire and ensure the safety of Jenkins and the other inmates, the suggestion they acted negligently in carrying out some of those steps is insufficient to show an Eighth Amendment violation. *See id.*; *Hunter v. Mueske*, 73 F.4th 561, 566 (7th Cir. 2023) (as long as a prison official takes measures "reasonably calculated" to address the risk faced by an inmate, he cannot be held liable under § 1983, even though he ultimately failed to prevent the injury).

Jenkins also argues in his motion for reconsideration that the defendants did not respond reasonably to the fire because: (1) they should have removed Griffith from the cellhouse once he threatened to start a fire in his cell; (2) they should have evacuated Jenkins from his cell once the fire started; and (3) they should have sent Jenkins for immediate medical attention after the fire was extinguished. [DE 108 at 2-3]. But the court already expressly considered and rejected each of these arguments in its summary judgment order. [*See* DE 103; *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion")]. Thus, Jenkins has not provided any argument

that warrants reconsideration of the court's Order granting summary judgment in favor of the defendants.

For these reasons, Jenkins's Motion to Reconsider [DE 108] is **DENIED**.


ENTERED this 23rd day of October, 2025.

                                                  /s/ Andrew P. Rodovich
                                                  United States Magistrate Judge